Homer STEELE, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education, and Welfare,
Defendant.

Civ. A. No. 746.

United States District Court
S. D. West Virginia,
at Bluefield.

May 29, 1963.

Marshall G. West, Pineville, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., and Percy H. Brown, Asst. U. S. Atty., Charleston, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education, and Welfare that he was not entitled to disability insurance benefits or to a period of disability under sections 223 and 216(i) of the Social Security Act, as amended. For the reasons hereinafter stated, it is now found that there is substantial evidence to support the final decision of the Secretary and that defendant's motion for summary judgment should be granted.

Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), provides that "As part of [his] answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The next subsection, 205(h) of the Act, 42 U.S.C.A. § 405(h), expressly restricts the judicial remedy to the aforesaid manner of judicial review.

On February 7, 1961, plaintiff filed an application for disability insurance benefits and to establish a period of disability alleging that he became unable to work on February 23, 1960, at approximately age 44, because of "unknown" impairments. This application was denied by the Bureau of Old-Age and Survivors Insurance both initially and upon reconsideration. On November 9, 1962, a hearing examiner found that plaintiff was not entitled to disability insurance benefits or to a period of disability under the applicable sections of the Act, as amended. This decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on January 25, 1963.

In order to meet the statutory definition of disability, plaintiff had to establish that he had been continuously precluded from engaging in any substantial gainful activity by a disabling impairment or impairments which began no later than May 1, 1961, for entitlement to disability insurance benefits, and on or

before May 7, 1961, for establishment of a period of disability. Plaintiff continued to meet the special earnings requirements until March 31, 1962.

Plaintiff was apparently born on March 4, 1916, although he is not certain, near Iaeger, West Virginia. He stated that he had had no education and could neither read nor write and could barely sign his name. He further testified that he worked most of his adult life in the coal mines performing various laboring jobs. Plaintiff said that he had never operated any machinery and that his work in the mines was terminated when the mine at which he had been working closed in November, 1958. He performed some work of no consequence in 1959 and says that he has been physically unable to work since that time. He further testified that since November, 1958, he has attempted to find work in the mines and on farms, but to no avail.

The record disclosed that, among other things, plaintiff complained that he was not able to run, lift, climb, or walk for any distance without getting pains in his chest and shortness of breath; that his head swims at which time "it seems like water is running before his eyes"; that his arms and hands become numb on any exertion; that he is nervous; that his sinuses leak into his lungs causing him to smother and blackout; and that he has a beating sensation in his abdomen. As noted above, none of these or any other complaints or conditions were mentioned in his application. He takes several different kinds of medication and apparently as a consequence thereof does not smother as much. He sleeps on two pillows and does very little around the house, according to his testimony.

In a medical report for the Department of Public Assistance, dated February 13, 1961, it was stated that plaintiff's heart was normal in size. The sounds were also normal; the pulse was regular; and the condition of the palpable arteries was good. No abnormality of the nervous system was noted. An emphysematous chest was reported. The range of motion of all joints and back was good. The diagnosis was mild pulmonary emphysema. The only restrictions on plaintiff's work was "heavy work." Plaintiff was considered able to perform full time "any kind of work except that which requires too much physical effort."

Plaintiff was examined at the Bluefield Sanitarium on July 20, 1961. The results of that examination, during which several tests were conducted, including pulmonary function studies (which were normal) and an electrocardiogram, showed "no objective evidence of physical disease." The examining physician reported further that plaintiff did appear to have "a mild to moderate chronic psychoneurosis with conversion reaction."

In a report dated November 31, 1961, Dr. Ned C. Rogers reported a diagnosis of bronchitis, asthma, chronic sinusitis, and neurasthenia. The only specific restrictions on plaintiff's activity were described as "dampness, dust & strenuous exercise." Another report from the same doctor, dated September 11, 1962, stated only that he had treated plaintiff for the past two years intermittently for chronic sinus infection, neuritis, and gastritis.

There was also in evidence a report from Dr. E. M. Wilkinson, dated January 17, 1962, wherein it was stated that an X-ray of plaintiff's chest revealed "slight increased emphysema, bilateral, otherwise normal." The report contained nothing further.

On the basis of the evidence discussed above and all other evidence of record, both objective and subjective, it is apparent that there is substantial evidence to show that plaintiff suffers from mild to moderate emphysema. This condition apparently is not so severe as to preclude him from engaging in any substantial gainful activity. He may not be able to perform his former job as a coal loader in the mines, but the evidence of record clearly indicates that he has sufficient residual capacity to perform other types of work. It is also apparent from the evidence that plaintiff is not suffering from any disabling mental condition.

 

There is substantial evidence of record to support the final decision of the Secretary that plaintiff is not entitled to disability insurance benefits or to a period of disability under the applicable sections of the Act, as amended. Defendant's motion for summary judgment is granted.